IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, DISTRICT 1199P,<br>          Plaintiff,<br>    v.<br>MONSOUR MEDICAL CENTER, INC., PHYSICIANS SERVICES, INC., WESTMORELAND PRIORITY, LLC and MICHAEL MONSOUR, in his individual capacity,<br>          Defendants. | 2:07-cv-1151 |

## MEMORANDUM ORDER

Pending before the Court are the following: (1) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (Document No. 10) filed by Westmoreland Priority, LLC ("Westmoreland"); (2) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (Document No. 12) filed by Physician Services, Inc. ("PSI"); and (3) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (Document No. 14) filed by Michael Monsour ("Monsour") in his individual capacity. The motions, and Plaintiff's opposition, have been thoroughly briefed (Document Nos. 11, 13, 15, 23, 24, 25, 26) and are ripe for disposition. The remaining Defendant, Monsour Medical Center, Inc. ("MMC"), has not responded to the Amended Complaint and no counsel has entered an appearance on MMC's behalf.

This is a case brought pursuant to the Employee Retirement Income Security Act ("ERISA") which arises from the closure of MMC. The Amended Complaint asserts two counts: (1) joint and several liability by all Defendants for failure to make contributions to an ERISA retirement plan; and (2) breach of fiduciary duty by MMC and Monsour for directing that assets

which could have been used to satisfy unpaid pension contributions be paid elsewhere. Defendants seek dismissal of both counts. In resolving a motion to dismiss, the allegations contained in the complaint are assumed to be true. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007). Although "heightened fact pleading of specifics" is not required, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

Plaintiff alleges that the parties agreed on March 22, 2005 to create an ERISA retirement plan by the placement of a lump-sum amount into a 403(b) retirement fund "or some mutually agreeable alternative." The handwritten agreement (the "2005 Agreement") is attached as Exhibit A. Plaintiff alleges that as of the date of the 2005 Agreement, PSI and MMC were members of the controlled group, as defined under ERISA, and are therefore responsible for contributions to the fund. On March 22, 2006, after MMC notified Plaintiff that the hospital would close, the parties entered into an "Effects of Closure" Agreement (Exhibit B) (the "2006 Agreement"). Plaintiff alleges that the 2006 Agreement reiterated the terms of the 2005 Agreement and reconfirmed the establishment of the plan, but contemplated further discussions regarding implementation of the plan. Plaintiff alleges that Westmoreland became a member of the controlled group in March 2007.

1. Count One: Joint and Several Liability

Pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Plaintiff argues, in essence, that the 2005 and 2006 Agreements established an ERISA

2

"defined benefit" plan and created an obligation to make a one-time contribution of $202,574.20, for which all Defendants are jointly and severally liable.

Defendants acknowledge that ERISA, 29 U.S.C. 1082(b)(2), provides for joint and several liability in some circumstances:

> (2) Joint and several liability where employer member of controlled group
>
> If the employer referred to in paragraph (1) is a member of a controlled group, each member of such group shall be jointly and severally liable for payment of such contributions.

However, Defendants argue that section 1082(b)(2) does not apply because in 29 U.S.C. § 1081(a)(8), Congress created an exemption for "an individual account plan (other than a money purchase plan) and a defined benefit plan to the extent it is treated as an individual account plan (other than a money purchase plan) under section 1002(35)(B) of this title." Defendants argue that the parties created a 403(b) plan which qualifies as an individual account plan.[1] The two types of ERISA plans are further defined in 29 U.S.C. § 1002:

> (34) The term "individual account plan" or "defined contribution plan" means a pension plan which provides for an individual account for each participant and for benefits based solely upon the amount contributed to the participant's account, and any income, expenses, gains and losses, and any forfeitures of accounts of other participants which may be allocated to such participant's account.
>
> (35) The term "defined benefit plan" means a pension plan other than an individual account plan; except that a pension plan which is not an individual account plan and which provides a benefit derived from employer contributions which is based partly on the balance of the separate account of a participant--
>
> (A) for the purposes of section 1052 of this title, shall be treated as an individual account plan, and

---

[1] Defendants further argue that the benefits formula is not ascertainable. This factual issue must await a more fully-developed record. The Amended Complaint adequately pleads the creation of a defined benefits plan.

3

(B) for the purposes of paragraph (23) of this section and section 1054 of this title, shall be treated as an individual account plan to the extent benefits are based upon the separate account of a participant and as a defined benefit plan with respect to the remaining portion of benefits under the plan.

The essential dispute is the manner in which the plan contemplated by the parties in this case is to be characterized. Defendants contend that the parties agreed to the creation of an "individual account plan" which is exempt from the joint and several liability provision of ERISA. Plaintiff argues that the parties' agreement created a "defined benefit" plan calculated by a "final pay formula."[2]

Defendants point to the language in the 2006 Agreement stating that MMC "acknowledges its obligation under the previous agreement that requires the employer to place lump sum dollar amounts into a 403(b) plan...." Similarly, the 2005 Agreement states that the monies would be placed in the "403(b) plan currently in place at Monsour...." Plaintiff acknowledges the references to 403(b) plans in the 2005 and 2006 Agreements but contends that the vehicle for implementation of the agreement was not finalized. The 2005 Agreement explicitly creates an option for placement of the monies in "some mutually agreeable alternative." Moreover, the 2006 Agreement states that "the parties further agree to continue to meet after the date of this agreement regarding the implementation of the March 22nd [2005] agreement." All plans that do not qualify as "individual account" plans are deemed to be "defined benefits" plans by operation of law. *Matter of Defoe Shipbuilding Co.*, 639 F.2d 311, 313 (6th Cir. 1981); *In re J.P. Morgan Chase Cash Balance Litigation*, 460 F. Supp.2d 479, 481

---

[2] Although the Amended Complaint did not use these specific terms, it adequately places Defendants on notice of Plaintiff's claim. *See* Fed. R. Civ. P. 8(e).

(S.D.N.Y. 2006). Thus, at this stage of the litigation, the Court cannot definitively conclude that the parties intended to create an individual account plan or an alternative which may be a defined benefit plan. Accordingly, the Court cannot determine on this record, consisting of the Amended Complaint and two exhibits, whether or not joint and several liability applies and therefore the motion to dismiss Count One will be denied.[3]

2. Count Two: Breach of Fiduciary Duty

In Count Two, Plaintiff contends that Monsour is personally liable for a breach of fiduciary duty pursuant to 29 U.S.C. § 1109. Monsour's motion to dismiss is premised on the assumption "that the agreement between SEIU and MMC established a 403(b) plan that is subject to ERISA." Monsour's Brief at 2. Monsour contends that unpaid contributions by employers do not become "plan assets" until they are actually deposited into the plan. As Monsour acknowledges, there is considerable disagreement about when unpaid employer contributions become plan assets. *See United States v. Annucci,* 2007 WL 1310156 *8 (S.D.N.Y. May 03, 2007) (collecting cases). There is no Third Circuit precedent directly on point. ERISA is a remedial statute, which should be liberally construed in favor of protecting participants in employee benefit plans. *IUE AFL-CIO Pension Fund v. Barker and Williamson, Inc.*, 788 F.2d 118, 127 (3d Cir.1986).

---

[3]Westmoreland also argues that it is not in a "controlled group" that would be subject to joint and several liability because MMC is a non-stock, not-for-profit corporation that cannot form a controlled group as a matter of law. Plaintiff cites Private Letter Ruling 8702063, Oct. 16, 1986, in which the Internal Revenue Service determined that non-stock, non-profit corporations can be part of a controlled group. Whether Defendants satisfy this test is a question of fact that cannot be resolved at this stage of the litigation.

For the reasons set forth above, the averments in the Amended Complaint and the exhibits attached thereto do not enable the Court to conclude that a 403(b) plan was established. Accordingly, the foundational assumption for Monsour's argument is faulty. Moreover, the principle for determining whether unpaid employer contributions become plan assets is the intent of the parties as expressed in their agreement, which cannot be resolved at this stage of the litigation. *See generally Laborers Combined Funds of Western Pennsylvania v. Cioppa*, 346 F. Supp.2d 765 (W.D. Pa. 2004). Accordingly, the motion to dismiss Count Two will be denied. The parties will have an opportunity to renew their respective arguments, if applicable, based on a more fully-developed record at the summary judgment stage.

In accordance with the foregoing, the MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (Document No. 10) filed by Westmoreland Priority, LLC, the MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (Document No. 12) filed by Physician Services, Inc., and the MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (Document No. 14) filed by Monsour are **DENIED.** Defendants shall file answers to the Amended Complaint on or before January 24, 2008.

SO ORDERED this 10th day of January, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Claudia Davidson, Esquire
 Email: cdavidson@choiceonemail.com

PHYSICIANS SERVICES, INC.
WESTMORELAND PRIORITY, LLC
MICHAEL MONSOUR, in his individual capacity
 John R. Owen, III, Esquire
 Email: jowen@rwattorneys.com

MONSOUR MEDICAL CENTER, INC.