## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SERVICE EMPLOYEES<br>INTERNATIONAL UNION<br>DISTRICT 1199P<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MONSOUR MEDICAL CENTER, INC.;<br>PHYSICIAN SERVICES INC.;<br>WESTMORELAND PRIORITY, LLC;<br>MICHAEL MONSOUR in his individual<br>capacity<br>　　　　Defendants | Civil Action No. 07-2:07-1151 |

## ANSWER AND AFFIRMATIVE DEFENSE

Defendant Westmoreland Priority, LLC (hereinafter, "Defendant"), by and through its attorneys, Rhoades and Wodarczyk LLC, files this Answer and Affirmative Defense to Plaintiff Service Employees International Union District 1199P Amended Complaint and states the following:

1. Denied. Defendant denies that this claim is governed by ERISA as upon information and belief, no ERISA plan has been established.

2. Denied. Defendant admits that it has transacted business in this District; however, Defendant denies that it has established a benefit plan and denies that venue is proper because no ERISA plan has been established.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore, it is denied.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegations set forth in this paragraph and therefore, it is denied.

5. Admitted.

6. Admitted.

7. Admitted in part and denied in part. Defendant admits that Michael Monsour was chief executive officer of Monsour Medical Center (hereinafter "MMC"), but only beginning August 2005 and ending May 2006 and denies that he was ever manager of MMC. Defendant denies that Michael Monsour was ever a management agent for Physicians Services, Inc. or Westmoreland Priority LLC. Defendant admits that Michael Monsour became chief executive officer of Physician Services, Inc. in April 2006 and that Michael Monsour became manager and a member of Westmoreland Priority, LLC in March 2007.

8. Denied.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore, the allegation is denied.

10. Admitted in part and denied in part. Defendant admits that there was a written agreement signed between Plaintiff and MMC on March 22, 2005, the terms of which speak for itself. Defendant denies that the March 22, 2005 writing established an ERISA retirement plan.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore, these allegations are denied.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and therefore, these allegations are denied. Defendant denies that the March 22, 2005 writing established an ERISA retirement plan.

13. Denied.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation as to if and when MMC notified Plaintiff that it would be closing its hospital operations and therefore, that allegation is denied. Defendant admits to the existence of the writing attached to the Amended Complaint as Attachment B.

15. Admitted; however, Michael Monsour only became CEO of MMC in August 2005. He terminated as CEO in May 2006.

16. Defendant lacks information and knowledge sufficient to form a belief as to allegations that the Effects Agreement included all of the terms of the 2005 Agreement and as to how the alleged lump-sum employer contribution was to be calculated and therefore, those allegations are denied.

17. Denied

18. Defendant incorporates and restates its responses set forth in paragraphs 1 through 17 as if fully set forth herein.

19. Plaintiff's Amended Complaint contains no paragraph 19.

20. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegation as to whether Plaintiff brings the Amended Complaint on behalf of its members who were employees of MMC and therefore, it is denied. Defendant denies that any ERISA plan was established.

21. Denied.

22. Denied.

23. Defendant incorporates and restates its responses set forth in paragraphs 1 through 22 as if fully set forth herein.

24. Denied.

25. Defendant lacks knowledge and information sufficient to form a belief as to the truth of this allegation and therefore, it is denied.

26. Denied.

26. Denied. [Note: Plaintiff's Amended Complaint contains two paragraph 26's.]

27. Denied.

28. Denied.

## FIRST AFFIRMATIVE DEFENSE

29. Plaintiff's Amended Complaint is based upon the two alleged agreements that are attached to Plaintiff's Amended Complaint as Attachment A and Attachment B and as such is based upon the existence of a contract.

30. Neither Attachment A nor Attachment B evidences any consideration upon the part of Plaintiff and upon information and belief Defendant is not aware of any consideration on behalf of the Plaintiff as to these alleged agreements and therefore, these agreements are not supported by consideration.

31. Because the alleged agreements are not supported by consideration, there is a failure of consideration and there exists no valid contract upon which Plaintiff bases its Amended Complaint and consequently, Plaintiff is not entitled to any recovery.

Respectfully submitted,

s/John R. Owen
John R. Owen
PA ID #52143

James C. Conley
PA ID #77277

Rhoades and Wodarczyk, LLC
330 Grant St. Suite 1030
Pittsburgh, PA 15219
(412) 765-2228

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2008, a copy of the foregoing Defendant Westmoreland Priority, LLC's Answer and Affirmative Defense was filed electronically. Notice of this filing will be sent to the following party via U.S. Mail, first class, postage prepaid.

> Claudia Davidson, Esq.
> 500 Law & Finance Building
> 429 Fourth Avenue
> Pittsburgh, PA 15219

> s/John R. Owen
> John R. Owen